Chief Justice Boyle
delivered the Opinion of the Court.
This was an action of debt upon a bond conditioned to pay the cost of a suit brought in the circuit court of the United States for the District of Kentucky. The bond is given to Enoch Smith and others, by name, “ and the Clerk and Marshal of the court of the United States for the seventh circuit in the Kentucky District.” The writ and declaration are in the names of Enoch Smith &c. and the Clerk and Marshal, as described in the bond, without their names.
Chiles, the defendant in the circuit court, pleaded in abatement of the writ, that the clerk of the court of the United States for the seventh circuit in the Kentucky District, at the time of the execution of the said writing obligatory, was, and still continues to be called and known by the name of John H. Hanna, and because said Hanna had not sued by his proper name, prays judgment of the writ, and that the same be quashed.
On a demurrer to this plea, the circuit court gave judgment for the plaintiffs, to which Chiles prosecutes this writ of error.
According to the principles of the decision given in the case of Ham’s administrator vs. Tinchener, it is plain that the persons who were Clerk and-Marshal of the United. States forAhe District of Kentucky, must be deemed obligees in the bond upon which the action in this case was brought, and it was therefore strictly correct, for them to join in bringing the action. (See preceding case.)
But it is clear that they could not do so, only by suing in their proper names: for although in contracts and deeds a certain description1 of the person who is intended to take under the contract or deed, will supply tho place of his name, yet the law is otherwise in adversary writs,and hence it is laid down, that<f regularly in writs, the demandant or tenant is to he named by his Christian name and *200 sir name, unless it be in cases of corporations or bodies politic.” Co. Lit. 3 a. Com. Dig. Tit. Abatement.
fondant, and the “Clerk & Marshal,” by the style and description given them ill the bond-
All adversary writs, innst be in the proponíame?.
Mayes for plaintiff; Triplett fob defendant.
It results, therefore', that the action in this case was improperly brought by the Clerk and Marshal, without doing so in their proper names, and that the circuit court, instead of giving judgment for the plaintiffs on the demurrer to the defendant’s plea, ought to have rendered judgment for the defendant abating the writ.
The judgment must be reversed with cost, and the cause be remanded, that judgment may be entered on the demurrer abating the writ.